## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>HOWELL, LLC, and HOWELL, LLC,<br>in its own capacity, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) ) | Case No. 2:21-cv-402-WKW-SRW |
| | ) | |
| CAROTHERS CONSTRUCTION, INC.,<br>and LIBERTY MUTUAL INSURANCE<br>COMPANY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs United States of America, for the use and benefit of Howell, LLC, and Howell, LLC, in its own capacity (collectively, "Howell" or "Plaintiffs"), state as follows for their Complaint against Defendants Carothers Construction, Inc. ("Carothers") and Liberty Mutual Insurance Company ("Liberty Mutual"):

### Parties

1.      Howell is a limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business in Pike Road, Alabama.

2.      Upon information and belief, Carothers is a Mississippi corporation organized and existing under the laws of the State of Mississippi with its principal place of business in Oxford, Mississippi.

3.      Upon information and belief, Liberty Mutual is a Massachusetts corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Boston, Massachusetts.

1

**Jurisdiction and Venue**

4.      This court has subject matter jurisdiction over all causes of action set forth herein based upon 28 U.S.C. § 1331, 40 U.S.C. § 3133 et seq. (the "Miller Act"), and pursuant to the supplemental jurisdiction of 28 U.S.C. § 1367(a). This Court also has subject matter jurisdiction over the claims stated herein pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds, $75,000 and the matter is between citizens of different states.

5.      This Court has personal jurisdiction over Defendants because Defendants regularly engage in business in this judicial district. The underlying construction project is located within this judicial district, and Defendants otherwise have contacts with this state and district such that this Court's exercise of personal jurisdiction over them comports with the traditional notions of fair play and substantial justice.

6.      The work subject to the contract at issue was performed in Montgomery County, Alabama, specifically, at Maxwell Air Force Base. Venue therefore lies in the United States District Court for the Middle District of Alabama pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

**Facts**

7.      On or about March 28, 2017, Defendant Carothers contracted with the United States of America (hereinafter, the "Prime Contract") on the federal project located in Montgomery, Alabama, known as Maxwell Elementary/Middle School Replacement/Renovation at Maxwell AFB, AL (hereinafter, the "Project").

8.      On March 28, 2017, Carothers obtained a payment bond (hereinafter, the "Bond") from Liberty Mutual with a penal sum of $39,010,686.00. In the Bond, Liberty Mutual agreed to be bound jointly and severally with Carothers to make payment to all persons having a direct

contractual relationship with Carothers or to any subcontractor of Carothers who furnished labor, material, or both in the performance of the work provided for in the Prime Contract in the event that Carothers failed to make prompt payment to such persons. A true and correct copy of the Bond is attached hereto as "A".

9.      On or about May 17, 2017, Howell entered into a subcontract with Carothers (hereinafter, the "Subcontract") to furnish labor, materials, equipment and all other things necessary to provide site and utility services for the Project. A true and correct copy of the Subcontract is attached hereto as Exhibit "B".

10.     Under the Subcontract, Carothers agreed to pay Howell for the work Howell performed in connection with the Project. The Subcontract provides for the recovery of Howell's attorney's fees in the event it is forced to litigate or arbitrate a claim against Carothers for failure to pay. The Subcontract further provides for the recovery of interest on the unpaid balanced owed by Carothers to Howell.

11.     Howell performed its work under the Subcontract and such work was accepted by Carothers. Howell submitted timely and proper applications for payment to Carothers. Carothers also directed Howell to perform additional work on the Project and to submit a Request for Equitable Adjustment to the contract price. Howell performed all such work, but Carothers has failed and refused to pay Howell.

12.     Howell completed its work on the Project on January 22, 2021, which is more than 90 days ago.

13.     The work performed by Howell under the Subcontract was authorized by Carothers and was furnished in connection with the work performed under the Prime Contract and its

specifications. The Project Owner accepted the Project and is currently occupying and using the school.

14.     Howell made repeated demands to Carothers to pay Howell for the work performed on the Project, but Carothers has failed and refused to pay Howell the amounts due. As of this date, there is a balance due to Howell of $57,625.00, plus interest.

15.     On information and belief, the Owner of the Project has paid Carothers for the work performed by Howell.

16.     Howell submitted a claim for payment to Liberty Mutual in accordance with the Payment Bond.

17.     Liberty Mutual has not denied the claim, although to date it has failed to provide a substantive response or pay Howell the amount due.

18.     Section 19 of the Subcontract provides that all disputes, controversies, and claims between Howell and Carothers be settled by binding arbitration in accordance with the Construction Industry Rules of the American Arbitration Association ("AAA"). The Subcontract provides that the locale for any arbitration between Howell and Carothers is Montgomery, Alabama. Howell is filing this action to ensure it complies with all applicable laws, including the Miller Act. Howell does not hereby waive its right to arbitrate its dispute against Carothers and Liberty Mutual pursuant to the terms of the Subcontract.

### Count One
### (Breach of Contract)

19.     Howell realleges and incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

20.     Howell performed its obligations under the Subcontract.

4

21.     Carothers breached the Subcontract in that it has failed and refused to pay Howell in full for labor, services, and materials provided by Howell in performing its scope of work under the Subcontract as well as extra work pursuant to Carothers' direction.

22.     Howell has suffered damages as a direct and proximate result of Carothers' breach of contract.

WHEREFORE, Plaintiff Howell, LLC, in its own capacity, respectfully requests this Court to enter judgment against Defendant Carothers Construction, Inc. for an amount not less than $57,625.00, plus attorney's fees, interest, the costs incurred in bringing this suit, and such other and further relief as the Court may deem just and proper.

### Count Two
### (Quantum Meruit)

23.     Howell realleges and incorporates by reference paragraphs 1 through 22, above, as though fully set forth herein.

24.     Howell provided valuable labor, services, materials, and equipment that were necessary for Carothers to perform and complete its obligations under the Prime Contract.

25.     Carothers knowingly accepted and benefited from such labor, services, materials, and equipment provided by Howell.

26.     Despite Carothers' acceptance of Howell's work under the Subcontract, Carothers has failed and refused to pay Howell for the labor, services, materials, and equipment provided by Howell, who had a reasonable expectation of compensation.

27.     Howell has suffered damages as a proximate result of Carothers' failure to pay.

WHEREFORE, Plaintiff Howell, LLC, in its own capacity, respectfully requests this Court to enter judgment against Defendant Carothers Construction, Inc. for an amount not less than

$57,625.00, plus attorney's fees, interest, the costs incurred in bringing this suit, and such other and further relief as the Court may deem just and proper.

## Count Three
### (Unjust Enrichment)

28.     Howell realleges and incorporates by reference paragraphs 1 through 27, above, as though fully set forth herein.

29.     Carothers was the prime contractor for the Project. Carothers knowingly accepted the benefit of the labor, services, materials, and equipment provided by Howell for use on the Project.

30.     Howell had a reasonable expectation of payment for the labor, services, materials, and equipment it provided to Carothers.

31.     Carothers has been unjustly enriched by accepting the benefit of such labor, services, materials, and equipment without paying Howell.  The reasonable value of the labor, services, materials, and equipment provided to Carothers by Howell which remains unpaid is $57,625.00.

WHEREFORE, Plaintiff Howell, LLC, in its own capacity, respectfully requests this Court to enter judgment against Defendant Carothers Construction, Inc. for an amount not less than $57,625.00, plus attorney's fees, interest, the costs incurred in bringing this suit, and such other and further relief as the Court may deem just and proper.

## Count Four
### (Violation of the Federal Prompt Pay Act)

32.     Howell realleges and incorporates by reference paragraphs 1 through 31, above, as though fully set forth herein.

33.     Howell provided labor, materials, and equipment for a construction project funded by the federal government.

34.     Howell submitted to Defendant Carothers timely and proper applications for payment for its work on the Project.

35.     Carothers failed and refused to timely pay Howell in violation of the Federal Prompt Pay Act, 31 U.S.C. § 3901 et seq. Carothers also failed to provide timely notice of withholding after receipt of Howell's applications for payment or timely notice of what Howell allegedly needed to do to correct or complete its work and obtain payment.

36.     Howell has suffered damages as a direct and proximate result of Carothers' violation of the Prompt Pay Act.

WHEREFORE, Plaintiff Howell, LLC, in its own capacity, respectfully requests this Court to enter judgment against Defendant Carothers Construction, Inc. for an amount not less than $57,625.00, plus attorney's fees, interest, the costs incurred in bringing this suit, and such other and further relief as the Court may deem just and proper.

### Count Five
**(Breach of Payment Bond and Violation of the Miller Act)**

37.     Howell realleges and incorporates by reference paragraphs 1 through 37, above, as though fully set forth herein.

38.     Liberty Mutual is obligated, pursuant to the Bond, to pay Howell for the labor, materials and services it provided in performing its scope of work under the Subcontract, which directly supported the work performed under the Prime Contract, and for which Carothers failed to make payment.

39.     Liberty Mutual has failed to fulfill its obligation under the Bond to pay Howell for labor, materials and services it provided in performing its scope of work under the Subcontract, as authorized by Carothers, and for which Carothers failed to make payment.

40.     Howell is entitled to payment from Liberty Mutual and Carothers pursuant to the Miller Act, 40 U.S.C. § 3133.

WHEREFORE, Plaintiffs United States of America, for the use and benefit of Howell, LLC, and Howell, LLC, in its own capacity, respectfully request this Court to enter judgment against Defendants Carothers Construction, Inc. and Liberty Mutual Insurance Company, jointly and severally, for an amount not less than $57,625.00, plus attorney's fees, interest, the costs incurred in bringing this suit, and such other and further relief as the Court may deem just and proper.

## Count Six
### (Breach of Settlement Agreement – failure to pay)

41.     Howell realleges and incorporates by reference paragraphs 1 through 40, above, as though fully set forth herein.

42.     On or about November 23, 2020, Howell and Carothers entered into a settlement agreement to resolve certain disputes related to the Project. Pursuant to the terms of the settlement agreement, Carothers agreed to timely make payments to Howell for work performed after execution of the settlement agreement.

43.     Carothers breached the settlement agreement by failing and refusing to promptly pay Howell in full for labor, services, and materials provided by Howell in performing its scope of work under the Subcontract and pursuant to Carothers' direction.

44.     Howell has suffered damages as a direct and proximate result of Carothers' breach of the settlement agreement.

WHEREFORE, Plaintiff Howell, LLC, in its own capacity, respectfully requests this Court to enter judgment against Defendant Carothers Construction, Inc. for an amount not less than $57,625.00, plus attorney's fees, interest, the costs incurred in bringing this suit, and such other and further relief as the Court may deem just and proper.

## Count Seven
### (Breach of Settlement Agreement – REAs)

45.     Howell realleges and incorporates by reference paragraphs 1 through 44, above, as though fully set forth herein.

46.     Pursuant to the terms of the settlement agreement, Carothers agreed to timely submit to the owner Howell's requests for equitable adjustment ("REA") and to provide confirmation of the submittals. Howell provided the REAs to Carothers, but Carothers has breached the settlement agreement by failing and refusing to confirm that it submitted the REAs on Howell's behalf. Howell has not been paid for the additional work as directed by Carothers and which is the subject of the REAs.

47.     Howell has suffered damages as a direct and proximate result of Carothers' breach of the settlement agreement.

WHEREFORE, Plaintiff Howell, LLC, in its own capacity, respectfully requests this Court to enter judgment against Defendant Carothers Construction, Inc. for such compensatory damages as the Court may award, plus attorney's fees, interest, the costs incurred in bringing this suit, and such other and further relief as the Court may deem just and proper.

## Count Eight
### (Promissory Fraud)

48.     Howell realleges and incorporates by reference paragraphs 1 through 47, above, as though fully set forth herein.

49.     Carothers owed Howell a significant amount of money for the work it performed on the Project. Carothers, by and through its agent and president, Ben Logan, promised and represented to Howell that if it entered into a settlement agreement and accepted the terms and provisions therein, including accepting an amount less than the total amount owed at the time for its work on the Project, Carothers would timely make all future payments to Howell for the work performed by Howell subsequent to execution of the settlement agreement.

50.     Carothers intended that Howell rely on its representations and enter into the settlement agreement.

51.     On or about November 23, 2020, in reliance on Carothers' representations that it would timely pay Howell for all additional work it performed, Howell was induced to its detriment to enter into the settlement agreement. Thereafter, Howell performed additional work on the Project. However, Carothers failed and refused to timely pay Howell for such work as represented.

52.     Carothers' representations to Howell were false and Carothers knew the representations were false at the time it made them. Carothers intended to induce Howell to perform additional work for which Carothers had no intention of paying Howell.

53.     As a proximate result of Carothers' fraud, Howell has been injured and damaged. Specifically, Howell is still owed money for the work it performed subsequent to execution of the settlement agreement.

WHEREFORE, Plaintiff Howell, LLC, in its own capacity, respectfully requests this Court to enter judgment against Defendant Carothers Construction, Inc. for compensatory damages in the amount of $57,625.00, such punitive damages as the Court may award, plus interest, costs, and such other and further relief as the Court may deem just and proper.

Respectfully submitted this 4th day of June, 2021.

**R. BROOKE LAWSON III (LAW026)**
**J. LISTER HUBBARD (HUB007)**

**Attorneys for Plaintiffs United States of America, for the use and benefit of Howell, LLC, and Howell, LLC, in its own capacity**

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
P.O. Box 2069
150 South Perry Street
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Electronic Mail:       brooke.lawson@chlaw.com
                       lister.hubbard@chlaw.com